## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EDWARD L. COUNCIL,

               Plaintiff,

   v.

CAMDEN COUNTY JAIL SYSTEM,

               Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-06411 (JBS-AMD)

**OPINION**

APPEARANCES

Edward L. Council, Plaintiff Pro Se
220 Hampshire Road
Sicklerville, NJ 08081

**SIMANDLE, District Judge:**

1.    Plaintiff Edward L. Council seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail System ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.    To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

5.    Plaintiff names the CCJ as the sole defendant. However, a prison is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846, *2 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). The claims against it must therefore be dismissed with prejudice.

6.    As Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end,

2

the Court shall grant Plaintiff leave to amend the Complaint

within 30 days of the date of this order.[1]

7.   Plaintiff is further advised that any amended

complaint must plead specific facts regarding the conditions of

confinement. In the event Plaintiff files an amended complaint,

Plaintiff must plead sufficient facts to support a reasonable

inference that a constitutional violation has occurred in order

to survive this Court's review under § 1915. As discussed above,

if Plaintiff elects to file an amended complaint, it should be

limited to confinements in which Plaintiff was released after

September 30, 2014.

8.   Plaintiff should note that when an amended complaint

is filed, the original complaint no longer performs any function

in the case and cannot be utilized to cure defects in the

amended complaint, unless the relevant portion is specifically

incorporated in the new complaint. 6 Wright, Miller & Kane,

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes

omitted). An amended complaint may adopt some or all of the

allegations in the original complaint, but the identification of

the particular allegations to be adopted must be clear and

explicit. *Id.* To avoid confusion, the safer course is to file an

amended complaint that is complete in itself. *Id.* The amended

---

[1] The amended complaint shall be subject to screening prior to
service.

complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

9.    For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

An appropriate order follows.


**September 19, 2017**                    **s/ Jerome B. Simandle**
      Date                               JEROME B. SIMANDLE
                                         U.S. District Judge